CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 1 6 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LISA J. SHORES,<br>Petitioner, | Civil Action No. 7:10-cv-00496 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Lisa J. Shores, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that her state court convictions violated her constitutional rights to effective counsel and due process. The respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss.

I.

The Circuit Court for the County of Smyth entered petitioner final judgment on July 26, 2006. The circuit court accepted her guilty pleas to larceny by false pretenses, forgery, credit card fraud, petit larceny by false pretenses, and violating probation and sentenced her to, inter alia, more than forty-eight years' incarceration. However, the circuit court suspended all but five years while also revoking a previously suspended sentence and ordering her to eight more years' incarceration. Petitioner appealed to the Court of Appeals of Virginia, which denied the petition for appeal on June 27, 2007. Petitioner did not appeal to the Supreme Court of Virginia.

Petitioner filed a petition for a writ of habeas corpus, dated June 9, 2008, with the circuit court. Petitioner claimed an entitlement to relief based on numerous allegations concerning her counsels' assistance, prosecutorial misconduct, and an erroneous presentence report. The circuit court dismissed the state habeas petition on June 8, 2009. Petitioner appealed to the Supreme

Court of Virginia, which refused the appeal on February 2010 because petitioner failed to state the assignments of error. Although petitioner filed a petition for a rehearing, the Supreme Court of Virginia refused it on September 22, 2010, as untimely filed.

Petitioner filed the instant federal habeas petition no earlier than September 30, 2010, when she allegedly deposited the petition in the prison's mail system. Petitioner alleges that she received ineffective assistance of counsel, the prosecutor's misconduct and the circuit court's errors violated due process, and the presentence report was erroneous.

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, No. 09-868, 562 U.S. ___, 2011 U.S. LEXIS 1906, at *27, 2011 WL 767700, at *10 (Mar. 7, 2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on July 27, 2007, when the time expired for petitioner to note an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed her state habeas petition with the circuit court in June 2008, nearly eleven months after her conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule).

The circuit court dismissed the habeas petition in June 2009. Although petitioner filed an appeal from the circuit court's dismissal of her habeas petition, the Supreme Court of Virginia refused her appeal because it was not perfected in the manner provided by law and, thus, was not "properly filed." See Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (finding that petition for appeal was not "properly filed" because it lacked a list of errors as required by Va. Sup. Ct. R. 5:17(c) and included the time the appeal was pending toward the statute of limitations). Thus, the state habeas appeal did not toll the statute of limitations.[3] Therefore, the time the habeas petition was properly filed and pending before the circuit court – between June

---

[3] Even if I included the time the appeal was before the Supreme Court of Virginia, petitioner's federal habeas petition is still untimely filed. Petitioner's petition for a rehearing following the denial of the appeal would not toll the statute of limitations because it was not timely filed. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (stating an untimely state-court filing is not "properly filed" and does not toll the statute of limitations). Thus, excluding the time the appeal was before the Supreme Court of Virginia while including the time for the petition for a rehearing to the statute of

3

2008 and June 2009 – is tolled, but the federal statute of limitations began running again in June 2009 because petitioner did not "properly file" her appeal. More than fourteen more months passed between June 2009, when the circuit court dismissed her state habeas petition, and September 2010, when petitioner filed the instant federal petition. In total, more than twenty-four months passed between when petitioner's conviction became final and when she filed the instant federal habeas petition. Accordingly, petitioner failed to timely file the instant petition, and I must dismiss it unless I equitably toll the statute of limitations.

In her responses to the court's conditional filing order and respondent's motion to dismiss, petitioner argues that I should equitably toll periods of time because her prison's inmate-law clerks erroneously advised her that she had a year between each habeas petition to file without being time barred. Petitioner also argues that she had difficulty researching the law via the institutional law library because the facility rations access to it. Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. See Harris, 209 F.3d at 330. Rationed access to a correctional facility's law library is a normal incident to prison life and similarly subjects other inmates to the same common restriction. Furthermore, I do not find any extraordinary circumstances in the record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa,

---

limitations still results in the instant petition being time barred.

4

364 F.3d 507, 512 (4th Cir. 2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, I find that petitioner filed her federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss the § 2254 petition for a writ of habeas corpus. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

**ENTER**: This 10th day of May, 2011.

                                              Senior United States District Judge